## UNITED STATES COURT OF INTERNATIONAL TRADE

DIS VINTAGE, LLC.,          )
                                )
          **Plaintiff,**       )
                                )
v.                             )     **Court No. 23-00033**
                                )
UNITED STATES,           )
                                )
          **Defendant.**     )

## COMPLAINT FOR DAMAGES

Plaintiff, Dis Vintage, LLC., by its undersigned attorney, sues the defendant, United States, for damages, and, upon information and belief states the following:

1.     This Court has jurisdiction pursuant to 28 U.S.C. 1581(a).

2.     Dis Vintage, LLC is located in Miami, Florida and is an importer of worn clothing to provide the service of recycling and continuing the use of used clothing.

3.     The U. S. Customs and Border Protection ["Customs"] is an agency of the defendant, United States.

4.     All duties and interest have been timely paid.

5.     The protests were timely filed.

6.     The summons was timely filed.

7.     Customs liquidated the entries of worn clothing as new clothing in the United States pursuant to the Harmonized Tariff Schedules of the United States ["HTSUS"] subheading 6309.00.0010.

8.     Dis Vintage, LLC. claims the proper classification is pursuant to HTSUS subheading 6309.00.0010.

9.     The garments imported under Heading 6309, HTSUS, under the tariff classification for "worn clothing and other worn articles."

10.     The clothing imported by the Plaintiff satisfies Note 3 of Chapter 63, HTSUS, which provides that "In order to be classified in [heading 6309], [articles of textile materials, footwear and headgear of any material other than asbestos] must comply with both of the following requirements: (I) they must show signs of appreciable wear; and (ii) they must be entered in bulk or in bales, sacks or similar packaging."

11.     The fabric or garments imported are visible to pilling; fraying; fuzziness or napping on the surface; runs; a thin or threadbare surface; loss of color or fading; holes in the fabric; discoloration; missing, fading, or twisting of the label; curling or abrasion of collar points; delamination of fusibles; visible stresses in stitches between fabric plies; pin holes or puckering along seams; abrasion of edges of cuffs or hems; twisting or curling of waistbands; stressing of elastic; or a threadbare appearance in wear areas (e.g., knees, seat, pockets).

12.     The Plaintiff is aware of the fact that worn clothing can only be classified in heading 6309, HTSUS, if it is entered in "bulk or in bales, sacks or similar packing" and, under EN 63.09, should be "less carefully packed than is generally the case with new articles" should preclude any importer from attempting to mis-classified new clothing in heading 6309.

13.     The Plaintiff is well versed with the provision that articles of textile material or qualifying footwear or headgear that are entered in "bulk or in bales, sacks or similar packing" and are "less carefully packed than is generally the case with new articles;" that are invoiced in

terms of weight rather than piece; and are priced at significantly less per pound than new items of clothing.

14.    That under General Note 3(f)(iii) or (iv), if the importer can show that the portion of a shipment that does not qualify for classification in heading 6309, HTSUS, is "commercially negligible," incapable of segregation without excessive cost, and will not become segregated prior to its use, and that the commingling was not intended to avoid the payment of lawful duties, the portion of the shipment that does not qualify for classification in heading 6309, HTSUS, will be considered part of the entire shipment (General Note 3(t)(iii), HTSUS).

15.    The Plaintiff meets the conditions specified in General Note 3(f)(iii) and (iv), HTSUS relating to rates of duty for commingling of goods.

## COUNT I

Plaintiff re-alleges paragraphs 1-15.

16.    The imported merchandise is not excluded from the HTSUS item 6309.00.0010 because as the value of the commingled goods is less than the aggregate value would be if the shipment were segregated; the shipment is not capable of segregation without excessive cost and will not be segregated prior to its use in a manufacturing process or otherwise.

17.    Chapter 63 Note 2 states that Sub chapter 1 does not cover: (a) Goods of chapters 56 to 62; or (b) Worn clothing or other worn articles of heading 6309.

18.    Since the Plaintiff is an importer of worn clothing to provide the service of recycling and continuing the use of used clothing, therefore falls under the subheading 6309.00.00 relating to worn clothing and other worn articles.

3

19.     The imported garments are not new clothing as the basic characteristic of used clothing is the presence of wear on the fabrics. This wear may take the form of abrasion with surface roughness, pilling or color changes and will come under subheading 6309.00.00.

20.     The worn clothing is correctly classified under HTSUS item 6309.00.0010/free of duty.

21.     The protests in the instant case should be granted in accordance with the law.

## COUNT II

22.     This case concerns the proper tariff classification of bales of worn clothing imported into the United States by Dis Vintage, LLC. Plaintiff submits that the imported merchandise are "commingled" clothing, but not "subject to the highest rate of duty for any part thereof," see all of General Note 3(f), which as we will demonstrate below is free of duty as "worn clothing" pursuant to heading 6309.

23.     Upon entry, plaintiff classified the merchandise under subheading 6309.00.10 of the Harmonized Tariff Schedule of the United States (HTSUS), a duty-free provision covering "[w]orn clothing and other worn articles." To qualify as worn clothing or worn articles under the tariff, the imported articles must be one of the "articles of textile material" identified in Note 3 to Chapter 63 of the tariff or be "[f]ootwear and headgear." Chapter 63, Note 3; Explanatory Note 6309. Upon inspection, Customs determined that the imported merchandise contained both worn clothing and other articles that did not meet the requirements of Note 3 to Chapter 63 of the HTSUS. As a result, Customs classified the merchandise as commingled articles, pursuant to General Note 3(f) of the HTSUS, which are "subject to the highest duty rate of any

one of the samples." Customs classified the merchandise upon liquidation under subheading 6204.63.35, HTSUS, which carries a duty rate of 28.6%.

24.    In order to be classified in heading 6309, articles must meet three requirements: (1) be one of the [specified]...articles of textile materials or specified footwear and headgear; (2) "showed signs of appreciable wear"; and, (3) be entered 'in bales.

25.    This issue of the classification of commingled goods is to be determined by HTSUS General Headnote 3(f) set forth as follows:

"(f)    <u>Commingling of Goods.</u>

(i)    Whenever goods subject to different rates of duty are so packed together or mingled that the quantity or value of each class of goods cannot be readily ascertained by customs officers (without physical segregation of the shipment or the contents of any entire package thereof), by one or more of the following means:

(A)    sampling,

(B)    verification of packing lists or other documents filed at the time of entry, or

(C)    evidence showing performance of commercial settlement tests generally accepted in the trade and filed in such time and manner as may be prescribed by regulations of the Secretary of the Treasury.

the commingled goods shall be subject to the highest rate of duty applicable to any part thereof unless the consignee or his agent segregates the goods pursuant to subdivision (f)(ii) hereof.

(ii)    Every segregation of goods made pursuant to subdivision (f) of this note shall be accomplished by the consignee or his agent at the risk and expense of the consignee within 30 days (unless the Secretary authorizes in writing a longer time) after the date of personal delivery or mailing, by such employee as the Secretary of the Treasury shall designate, of written notice to the consignee that the goods are commingled and that the quantity or value of each class of goods cannot be readily ascertained by customs officers. Every such segregation shall be accomplished under customs supervision, and the compensation and expenses of

the supervising customs officers shall be reimbursed to the Government by the consignee under such regulations as the Secretary of the Treasury may prescribe.

(iii)    The foregoing provisions of subdivision (f) of this note do not apply with respect to any part of a shipment if the consignee or his agent furnishes, in such time and manner as may be prescribed by regulations of the Secretary of the Treasury, satisfactory proof--

(A)    that such part (1) is commercially negligible, (2) is not capable of segregation without excessive cost and (3) will not be segregated prior to its use in a manufacturing process or otherwise, and

(B)    that the commingling was not intended to avoid the payment of lawful duties.

Any goods with respect to which such proof is furnished shall be considered for all customs purposes as a part of the goods, subject to the next lower rate of duty, with which they are commingled.

(iv)    The foregoing provisions of subdivision (f) of this note do not apply with respect to any shipment if the consignee or his agent shall furnish, in such time and manner as may be prescribed by regulations of the Secretary of the Treasury, satisfactory proof–

(A)    that the value of the commingled goods is less than the aggregate value would be if the shipment were segregated;

(B)    that the shipment is not capable of segregation without excessive cost and will not be segregated prior to its use in a manufacturing process or otherwise; and

©    that the commingling was not intended to avoid the payment of lawful duties.

Any goods with respect to which such proof is furnished shall be considered for all customs purposes to be dutiable at the rate applicable to the material present in greater quantity than any other material."

26.    The classification of merchandise under the HTSUS is governed by the General Rules of Interpretation (GRIs).  GRI 1, HTSUS states, in part, that "for legal purposes, classification shall be determined according to the terms of the headings and any relative section

or chapter notes...."  The textile articles within the bales are not classified as a set pursuant to GRI 3(b).  Therefore, classification of the articles must be made pursuant to GRI 1, HTSUS.

27.    Customs Regulations provide in 19 C.F.R. §152.13 that when Customs discovers commingled goods, the importer shall be notified and allowed the opportunity to meet the conditions set forth in General Note 3(f).

Section 152.13 Commingling of Merchandise, provides:

"(a) Notice to importer.  The Center director shall give written notice to the importer as promptly as possible after any commingling is discovered.

(b) Highest rate applicable.  Commingled merchandise shall be assessed with duty at the highest rate or rates applicable to any one kind of merchandise included in the commingling, unless:

> (1) The quantity and value of each of the kind so included can be readily ascertained by the usual method of CBP examination or by one or more of the methods specified in General Note 3(f), Harmonized Tariff Schedule of the United States (HTSUS) (19 U.S.C. 1202), or

> (2) The conditions specified in General Note 3(f), HTSUS, are satisfied.

(c)  Time limit.  To obtain the benefit of General Note 3(f), HTSUS, the importer shall, within 30 days after the date of mailing or personal delivery of the notice provided for in paragraph (a) of this section, take appropriate action as follows:

> (1) File with the Center director evidence showing performance of the commercial settlement tests specified in General Note 3(f), HTSUS; or

> (2)  Perform the segregation under CBP supervision as specified in General Note 3(f), HTSUS, or

> (3) File with the Center director documentary proof which will satisfy him that the merchandise is entitled to the lower rate of duty under General Note 3(f), HTSUS.

(d)    Extension of time limit.  The 30-day limit for filing the evidence specified in General Note 3 (f) or for performing the segregation specified in General Note 3(f), Harmonized Tariff Schedule of the United States, may be extended by the

Center director for additional periods of 30 days each, but not beyond 6 months from the date of mailing or personal delivery of the notice provided for in paragraph (a) of this section, if the importer makes written application to the Center director for each extension and gives satisfactory reasons for its allowance."

28.    Customs advised plaintiff that it was going to change the classification of the worn clothing to a higher rate of duty because there were goods in the bales with higher rates of duties that were commingled.  However, the plaintiff was not given the opportunity to address the commingling issue for its worn clothing.  In accordance with HQ 957322 dated March 6, 1995 the plaintiff should be given the opportunity to address the commingling issue pursuant to General Note 3(f).

29.    In fact, the Government acknowledged that "segregation is not the only way in which an importer of commingled goods can potentially avoid having al of the goods assessed duties at 'the highest rate applicable to any portion thereof.'  "Indeed , the commingled rule includes several explicit exceptions which, if satisfied, allow the commingled goods to enter at a lower rate."  In the present case that would be duty-free.

30.    The following is an example of an exception to the "highest rate of duty" *viz.* General Note 3(f)(iii):

(A) that such part

(1) The part of the shipment that attracts the highest rate of duty, 16.6%, is "commercially negligible."

(2) Is not capable of segregation without excessive cost.

(3) Will not be segregated prior to its use in a manufacturing process or otherwise, and

8

(B) that the commingling was not intended to avoid the payment of lawful duties.

Any goods with respect to which such proof is furnished shall be considered for all customs purposes as a part of the goods, subject to the next lower rate of duty, with which they are commingled.  In the present case, the next lower rate of duty for worn clothing would be under Heading 6309, duty-free.

Plaintiff, as the consignee, could also provide proof that its worn clothing is duty-free pursuant to the General Note 3(f)(iv) exception.

31.    The subject merchandise is worn clothing with a duty rate of free pursuant to General Note 3(f)(iii) or (iv).

## COUNT III

Paragraphs 1-31 are realleged>

### THE RATE OF DUTY FOR THE MERCHANDISE IS 16.6%

32.    In a nearly identical case, Dis Vintage, LLC. v. United States, Court No. 16-00013, the Court ruled the "alleged" imported worn clothing was to be classified under HTSUS item 6203.42.40 at 16.6% *ad valorem.*

WHEREFORE plaintiff respectfully requests the Court to make a finding that the worn clothing are properly classified under 6309.00.0010/free of duty; that the classification of the imported products by the defendant that the merchandise at issue is not worn clothing is wrong; and that a refund should be afforded to plaintiff with interest.

Respectfully submitted,

/s/Peter S. Herrick
Peter S. Herrick
Attorney for Plaintiff

4324 Bayshore Blvd. NE
St Petersburg, FL 33703
Tel. 727-244-1600
Email: pssherrick@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed in the

court's CM/ECF filing system on May 1, 2023.

/s/Peter S. Herrick
Peter S. Herrick