UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| DIS VINTAGE, LLC, | ) <br> ) <br> ) <br> ) |
|       Plaintiff, | )    Court No. 23-00033 <br> ) |
|    v. | ) <br> ) |
| UNITED STATES, | ) <br> ) |
|       Defendant. | ) <br> ) |

### STIPULATED JUDGMENT ON AGREED STATEMENT OF FACTS

This action, as prescribed by Rule 58.1 of the Rules of the United States Court of International Trade, is stipulated for judgment on the following agreed statement of facts in which the parties agree that:

1. The protests and the action involved herein were filed within the time provided by law, and all liquidated duties, charges or exactions have been paid prior to the filing of the summons.

2. The imported merchandise covered by the entries set forth on Schedule A, attached, consists of articles of clothing.

3. The imported merchandise was classified by U.S. Customs and Border Protection as "Sweaters, pullovers, sweatshirts, waistcoats (vests) and similar articles, knitted or crocheted: Of man-made fibers: Other: Other: Other" under subheading 6110.30.30 of the Harmonized Tariff Schedule of the United States (HTSUS) at the rate of 32 percent *ad valorem*, or as "Sweaters, pullovers, sweatshirts, waistcoats (vests) and similar articles, knitted or crocheted: Of cotton: Other" under subheading 6110.20.20,

HTSUS, at the rate of 16.5 percent *ad valorem*.

    4.    The stipulable imported merchandise covered by the entries set forth on Schedule A, attached is classifiable as follows:

    i.    The stipulable imported merchandise covered by Line 001 of Entry Number AFP-1203444-2 is classifiable as "Women's or girls' suits, ensembles, suit-type jackets, blazers, dresses, skirts, divided skirts, trousers, bib and brace overalls, breeches and shorts (other than swimwear), knitted or crocheted: Trousers, bib and brace overalls, breeches and shorts: Of synthetic fibers: Other: Other" under subheading 6104.63.20, HTSUS, at the rate of 28.2 percent *ad valorem*.

    ii.    The stipulable imported merchandise covered by Line 002 of Entry Number AFP-1203444-2 is classifiable as "Worn clothing and other worn articles" under subheading 6309.00.00, HTSUS, duty free.

    iii.    The stipulable imported merchandise covered by Entry Number AFP-1203813-8 is classifiable as "Worn clothing and other worn articles" under subheading 6309.00.00, HTSUS, duty free.

    iv.    The stipulable imported merchandise covered by Entry Number AFP-1203493-9 is classifiable as "Worn clothing and other worn articles" under subheading 6309.00.00, HTSUS, duty free.

    v.    The stipulable imported merchandise covered by Entry Number AFP-1304686-6 is classifiable as "Men's or boys' suits, ensembles, suit-type jackets, blazers, trousers, bib and brace overalls, breeches

and shorts (other than swimwear): Trousers, bib and brace overalls, breeches and shorts: Of synthetic fibers: Other: Other: Other: Other" under subheading 6203.43.40, HTSUS, at the rate of 27.9 percent *ad valorem*.

vi. The stipulable imported merchandise covered by Entry Number AFP-1304430-9 is classifiable as "Men's or boys' shirts: Of cotton: Other" under subheading 6205.20.20, HTSUS, at the rate of 19.7 percent *ad valorem*.

vii. The stipulable imported merchandise covered by Entry Number AFP-1304612-2 is classifiable as "Sweaters, pullovers, sweatshirts, waistcoats (vests) and similar articles, knitted or crocheted: Of man-made fibers: Other: Other: Other" under subheading 6110.30.30 of the Harmonized Tariff Schedule of the United States (HTSUS) at the rate of 32 percent *ad valorem*.

5. Without the necessity of reliquidating the entries, the United States will pay plaintiff $34,591.27 (the Payment), plus interest as provided by law from January 1, 2024 through the date of payment. The Payment includes the following separate sums:

- $22,173.86 – refund of duties
- $10,410.56 – return of previously paid interest
- $2,006.85 – interest from date of deposit or payment of bill, through December 31, 2023.

6. All other claims and non-stipulable entries are abandoned.

7. Each party will bear its own costs and attorney's fees.

8.  The United States consents to entry of judgment as set out in this stipulation.

9.  Upon entry of judgment, plaintiff releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or otherwise involved in the entries that are the subject of this action, regardless of whether they were included in the complaint, including but not limited to any claims for costs, expenses, attorney fees, and damages of any sort.

10. This stipulation is in no way related to or concerned with income or other taxes for which plaintiffs are now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

11. Plaintiff warrants and represents that no other action or suit with respect to the claims advanced in the entries that are the subject of this action is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Plaintiff further warrants and represents that they have made no assignment or transfer of all or any part of their rights arising out of or relating to the claims advanced in the entries that are the subject of this action. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by plaintiff, together with interest thereon at the rates provided in 41 U.S.C. § 7109, computed from the date the United States makes payment.

12. This stipulation is for the purpose of settling the claims for the entries that are the subject of this action and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties in any administrative proceedings in

4

which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation. Nor shall this stipulation bind the parties, be cited or otherwise referred to in any judicial proceedings in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

13. Plaintiff's counsel represents that they have been and are authorized to enter into this stipulation on behalf of plaintiffs.

14. This document constitutes a complete integration of the stipulation between the parties and supersedes any and all prior oral or written representations, understandings, or agreements among or between them.

Stanley W. Plappert
Board Certified Civil Trial Lawyer
The Florida Legal Advocacy Group, P.A.
445 NE 8th Avenue
Ocala, FL 34470
*Attorney for Plaintiff*

By: _____
Stanley W. Plappert

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: _____  11/1/24
JUSTIN R. MILLER
Attorney-In-Charge

_____  11/1/24
MONICA TRIANA
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Suite 346
New York, New York 10278
Tel. No. 212-264-9230 or 9232
*Attorneys for Defendant*

5

**IT IS HEREBY ORDERED** that this action is decided and this final judgment is to be entered by the Clerk of the Court; in accordance with the stipulation of the parties set forth above, without the necessity of reliquidating the entries, the appropriate U.S. Customs and Border Protection officials will pay plaintiff $34,591.27, plus interest as provided by law from January 1, 2024 through the date of payment.

 

_____
Judge

Date: _____